UNITED STATES of America, Appellee,

v.

**David J. CLARK, Jr., Defendant–Appellant.**

**No. 97–1132.**

United States Court of Appeals, Second Circuit.

Argued Oct. 21, 1997.

Decided Nov. 6, 1997.

Kent B. Sprotbery, Leslie & Sprotbery, Delmar, NY, for defendant-appellant.

Sara M. Lord, Asst. U.S. Atty., Albany, NY (Thomas J. Maroney, U.S. Atty., Albany, NY, on the brief), for appellee.

Before: NEWMAN, CALABRESI and CUDAHY,* *Circuit Judges.*

JON O. NEWMAN, Circuit Judge:

This appeal presents a rare instance where uncertainty exists as to a sentencing judge's awareness of departure authority. David J. Clark, Jr., appeals from the February 21, 1997, judgment of the District Court for the Northern District of New York (Lawrence E. Kahn, Judge), sentencing him to 51 months' imprisonment, following his guilty plea to one count of unlawful possession of a firearm by a felon, in violation of 18 U.S.C. § 922(g)(1) (1994). Contending that he had purchased the firearm as a gift for his brother, Clark sought and was denied a "lesser harm" downward departure pursuant to U.S.S.G. § 5K2.11 (1997). Because of our doubt whether the sentencing judge appreciated his arguably available departure authority, we remand.

## Background

On November 11, 1995, and again on November 12, Clark purchased a firearm from the Wal–Mart store in Plattsburgh, New York. At the time, he was on parole from an earlier attempted burglary for which he had been sentenced to one-and-a-third to four years in prison. In the process of executing a search warrant at his home, apparently while investigating unrelated crimes, state authorities discovered the firearm boxes and alerted federal authorities. Clark pleaded guilty to one count of unlawful possession of a firearm by a felon, based on the November 12 purchase.

The presentence report calculated a sentencing range of 51 to 63 months' imprisonment. Clark's primary argument at sentencing was that, even though it was unlawful for him to receive or possess the firearm, he had purchased it as a Christmas gift for his brother and was therefore entitled to a "lesser harms" downward departure pursuant to U.S.S.G. § 5K2.11. Additionally, he contended that the gun he had purchased on November 11 was also intended as a gift for his brother, but upon discovering that the gun first purchased was not suitable for hunting, he made the second purchase as an intended gift and planned to return the first purchase.

To support his claim that the firearm was to be a gift, Clark sought to admit the testimony of his wife, Kelly Clark, who had accompanied him to Wal–Mart on the day of the purchase. The Government objected to the admission of her testimony, arguing that it was irrelevant for several reasons, including the claim that the "lesser harms" downward departure applies only where a defendant commits a criminal act in order to avoid some greater harm. The District Judge allowed Mrs. Clark to testify, without indicating whether he disagreed with the Government's narrow view of section 5K2.11.

During its argument on the ultimate sentence, the prosecution renewed its contention that section 5K2.11 was inapplicable to Clark because he had not committed his crime to avoid a greater harm. The prosecution also contended that Clark's claim about a gift for his brother should not be credited. Immediately after the prosecution's combined legal and factual opposition to a departure, the Court stated:

> The Court is aware of all the arguments, heard some proof and has read all the papers involved and at this time the Court is [going to] deny the defendant's motion for a downward departure adopting all the reasons legally set forth by the U.S. Attorney.

Judge Kahn then imposed a sentence of 51 months' imprisonment.

---

\* The Honorable Richard D. Cudahy of the United States Court of Appeals for the Seventh Circuit,   sitting by designation.

## Discussion

■ A District Court's refusal to grant a downward departure is generally not appealable. *See, e.g., United States v. Martin,* 78 F.3d 808, 815 (2d Cir.1996); *United States v. Sharpsteen,* 913 F.2d 59, 62–63 (2d Cir.1990). One narrow exception exists for those cases in which the sentencing judge mistakenly believes that he or she lacks authority to grant a given departure. *See, e.g., United States v. Ekhator,* 17 F.3d 53, 55 (2d Cir. 1994).

■ Normally, we presume that the District Court properly understood the scope of its authority. *See, e.g., United States v. Brown,* 98 F.3d 690, 694 (2d Cir.1996). However, we have recognized that this presumption can be overcome where "the record provides a reviewing court with clear evidence of a substantial risk that the judge misapprehended the scope of his departure authority." *Id.* (footnote omitted). Though we expect such instances to be infrequent, we had previously found such a risk present in a case where the available ground for departure was not obvious and the sentencing judge's remarks made it unclear whether he was aware of his options. *See United States v. Sweeney,* 90 F.3d 55, 58 (2d Cir.1996).

■ In the pending case, the Government incorrectly advised the District Court as to the scope of section 5K2.11. The prosecution's argument was based on the first paragraph of that section, permitting a departure where a crime is committed to "to avoid a perceived greater harm." However, the second paragraph permits a departure where "conduct may not cause or threaten the harm or evil sought to be prevented by the law proscribing the offense at issue." This paragraph gives an example of a war veteran possessing a machine gun as a trophy. Moreover, the District Court's statement that it was "adopting all the reasons legally set forth by" the prosecutor creates a distinct risk that the Court was agreeing with the contention that a departure was legally unavailable.

Whether the second paragraph of section 5K2.11 permitted a departure for Clark depends initially on whether the District Court credits his claim of purchasing the firearm as a gift, and, even then, whether the Court concludes that the policy statement is applicable to whatever factual circumstances the Court finds to have existed concerning the purchase. For example, application of the policy statement might well vary depending on whether the defendant was to retain possession of the gun for only a brief time necessary to deliver or send it to his brother and whether, prior to delivery, the gun would remain readily accessible to the defendant. Congress has required reviewing courts to give "due deference to the district court's application of the guidelines to the facts" of the case, 18 U.S.C. § 3742(e), and the Supreme Court has instructed that a departure decision "will in most cases be due substantial deference," *Koon v. United States,* —— U.S. ——, ——, 116 S.Ct. 2035, 2046, 135 L.Ed.2d 392 (1996). These requirements obviously contemplate an initial application decision by a district judge. We do not decide at this point whether a departure was available, but, since it might have been, depending on the circumstances found to exist, a remand is warranted to avoid the risk that a substantial sentence was imposed by a judge who might, under some circumstances, have made a downward departure.

Accordingly, we will remand for further consideration of the sentence. If the District Court determines that it would not depart even if the circumstances made a departure available, or concludes, after appropriate fact-finding, that a departure is not available, the sentence should not be disturbed. If the circumstances found to have existed make a departure available and appropriate, the sentence may be adjusted.