**UNITED STATES of America,**
**Appellee,**

v.

**Robin COLLINS, Defendant–Appellant.**

**No. 00–1463(L).**

United States Court of Appeals,
Second Circuit.

Feb. 26, 2001.

Dawn M. Cardi, N.Y., NY, for appellant.

Christine Y. Chi, Ass't U.S. Att'y, SDNY, N.Y., NY, for appellee.

Present KEARSE, LEVAL, and KATZMANN, Circuit Judges.

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the appeal be and it hereby is dismissed for lack of appellate jurisdiction.

Defendant Robin Collins appeals from a judgment entered in the United States District Court for the Southern District of New York following her plea of guilty before Deborah A. Batts, *Judge*, convicting her of conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 656 and 1344; cashing counterfeit checks in violation of 18 U.S.C. § 1344; and embezzlement, in violation of 18 U.S.C. § 656, and sentencing her principally to 30 months' imprisonment, to be followed by a five-year term of supervised release. On appeal, Collins challenges her sentence on the grounds that the district court abused its discretion in failing to grant her a downward departure and committed legal error when it failed to make findings of fact in support of that refusal. We dismiss the appeal for lack of appellate jurisdiction.

A district court's refusal to grant a downward departure is not reviewable except for an error of law, such as the court's mistaken belief that it has no authority to depart on the basis proffered. *See, e.g., United States v. Clark,* 128 F.3d 122, 124 (2d Cir.1997); *United States v. Haynes,* 985 F.2d 65, 68 (2d Cir.1993). Further, because the court's refusal to exercise its discretion to depart is not reviewable, the court is not required to state its reasons for refusing to grant a departure. *See, e.g., United States v. Lawal,* 17 F.3d 560, 563 (2d Cir.1994); *United States v. Colon,* 884 F.2d 1550, 1554 (2d Cir.), *cert. denied,* 493 U.S. 998, 110 S.Ct. 553, 107 L.Ed.2d 550 (1989).

We see no indication in the record that the district court committed an error of law or misapprehended its power to depart in the present case. In denying Collins's request for a departure, the court stated, *inter alia,* "[t]he Court is aware of its authority to depart in appropriate circumstances" (Sentencing Transcript, June 19, 2000, at 11), and its refusal to exercise that authority in favor of Collins is not reviewable on appeal.

The appeal is dismissed for lack of appellate jurisdiction.