UNITED STATES of America, Appellee,

v.

Mark E. SEETHALER, Defendant–Appellant.

No. 00–1657.

United States Court of Appeals, Second Circuit.

May 8, 2001.

84

Thomas E. Dolin, Jr., O'Connell & Aronowitz, Albany, NY, for appellant.

Barbara D. Cottrell, Ass't U.S. Att'y, NDNY, Albany, NY, for appellee.

Present KEARSE and SACK, Circuit Judges, and RAKOFF, District Judge.*

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Northern District of New York, and was submitted by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the appeal be and it hereby is dismissed for lack of appellate jurisdiction.

Defendant Mark Seethaler appeals from a judgment entered in the United States District Court for the Northern District of New York convicting him, following his plea of guilty before David N. Hurd, *Judge,* of transporting child pornography in interstate commerce, in violation of 18 U.S.C. § 2252A(a)(1), and sentencing him principally to a prison term of 46 months, later reduced to 30 months, to be followed

by a three-year term of supervised release. On appeal, Seethaler contends that the district court erred in denying him a downward departure from the imprisonment range recommended by the Sentencing Guidelines ("Guidelines") on the grounds (1) that he acted with significantly reduced mental capacity, and (2) that his offense conduct was a single act of aberrant behavior. We dismiss the appeal for lack of appellate jurisdiction.

A district court's refusal to grant a downward departure is not reviewable except for an error of law, such as the court's mistaken belief that it has no authority to depart on the basis proffered. *See, e.g., United States v. Clark,* 128 F.3d 122, 124 (2d Cir.1997); *United States v. Haynes,* 985 F.2d 65, 68 (2d Cir.1993). We see no indication in the record that the district court misapplied the Guidelines or misapprehended its power to depart in the present case. In denying Seethaler's requests for a departure, the court correctly stated, *inter alia,* that it could grant a departure if a defendant had a significantly reduced mental capacity; the court stated, however, that the record did not indicate that Seethaler met that standard. The court also stated that Seethaler did not meet the standard for departure based on aberrant behavior, given that his downloading of child pornography "is something that went on for three years." The court concluded that the circumstances did not provide a basis for the requested departure. That exercise of the court's discretion is not reviewable.

We have considered all of Seethaler's arguments in support of his contention that the court misapplied the Guidelines and have found them to be without merit.

* Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

The appeal is dismissed for lack of appellate jurisdiction.