**UNITED STATES of America,**
**Appellee,**

v.

**Thomas ADAMS, Defendant–Appellant.**

No. 00–1734.

United States Court of Appeals,
Second Circuit.

May 8, 2001.

Thomas J. Neidl, Albany, NY, for appellant.

Barbara D. Cottrell, Ass't U.S. Att'y, NDNY, Albany, NY, for appellee.

Present MESKILL, KEARSE, and McLAUGHLIN, Circuit Judges.

## SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Northern District of New York, and was submitted by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Defendant Thomas Adams appeals from a judgment entered in the United States District Court for the Northern District of New York following his plea of guilty before Lawrence E. Kahn, *Judge*, convicting him of conspiracy to possess and distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & 846, and sentencing him principally to a term of 46 months' imprisonment, to be followed by a four-year term of supervised release. On appeal, Adams argues that the district court (1) violated his rights to equal protection and due process by sentencing him to a longer term of imprisonment than his more culpable co-conspirators, and (2) erred in failing to consider his motion for a downward departure pursuant to § 5K2.0 of the Sentencing Guidelines ("Guidelines"). Finding no basis for reversal, we affirm.

■ We reject Adams's contention that he was entitled to a shorter sentence on the ground that certain of his codefendants, acknowledged by the government to have been more culpable in this offense than Adams, received shorter sentences. "Absent extraordinary circumstances, a defendant has no constitutional or otherwise fundamental interest in whether a sentence reflects his or her relative culpability with respect to his or her codefendants." *United States v. Bokun*, 73 F.3d 8,

12 (2d Cir.1995); *see Williams v. Illinois*, 399 U.S. 235, 243, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970) ("[t]he Constitution permits qualitative differences in meting out punishment and there is no requirement that two persons convicted of the same offense receive identical sentences"). Indeed, this Court has ruled that where the Guidelines, which take into account offense level and criminal history category, prescribe differing ranges of imprisonment for different codefendants, a downward departure may not properly be granted simply in order to give the defendants similar sentences or sentences proportionate to the levels of their culpability in the charged offense. *See, e.g., United States v. Joyner*, 924 F.2d 454, 460–61 (2d Cir. 1991).

■ Nor do we see merit in Adams's contention that the district court failed to consider his motion for a departure pursuant to § 5K2.0. Defense counsel had written a letter to the court two days before the sentencing hearing, urging a § 5K2.0 departure based principally on Adams's history as a narcotics user, his efforts to rid himself of his drug habit, and the fact that he had tested negative for drugs since April 2000. At the sentencing hearing on October 19, 2000, defense counsel expressly referred to the request for a departure under § 5K2.0 (*see* Sentencing Transcript ("S.Tr.") at 5); he proceeded to argue for such a departure (*see id.* at 5–9); and the government expressly objected to a departure under § 5K2.0 (*see* S.Tr. 10). Although the district court in imposing sentence did not mention § 5K2.0 *in haec verba*, the court stated that it recognized and appreciated that Adams had begun to "stay[ ] away from drugs," had been "doing quite well in the past five months," and was "heading in the right direction now" (S.Tr.12). The court pointed out, however, that Adams had had "18 years of difficulties" (*id.* at 13) and that it would be easy for him to slip back (*see id.* at 12–13).

Thus, the record plainly indicates that the court considered Adams's request for a departure pursuant to § 5K2.0; and, in granting a departure only pursuant to Guidelines § 5K1.1, the court implicitly denied the § 5K2.0 motion because it viewed such a departure as unwarranted.

To the extent that Adams argues that the court should have granted his motion, that contention is not properly before us. Unless a district court has made an error of law or mistakenly believed that it lacks authority to grant a requested departure—circumstances not reflected in the record of this case—the court's refusal to grant the departure is not reviewable on appeal. *See, e.g., United States v. Tenzer,* 213 F.3d 34, 42 (2d Cir.2000); *United States v. Labeille–Soto,* 163 F.3d 93, 100 (2d Cir.1998); *United States v. Clark,* 128 F.3d 122, 124 (2d Cir .1997).

We have considered all of Adams's contentions that are properly before us and have found them to be without merit. The judgment of the district court is affirmed.