**UNITED STATES of America,**
**Appellee,**

v.

**Adem HUSENAJ, Defendant–Appellant.**

**Docket No. 00–1686.**

United States Court of Appeals,
Second Circuit.

June 19, 2001.

Robert E. Nicholson, Brooklyn, NY, for appellant.

Nikki Kowalski, Ass't U.S. Att'y, EDNY, Brooklyn, NY, for appellee.

Present VAN GRAAFEILAND, KEARSE, Circuit Judges, and RAKOFF, District Judge.*

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Eastern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.

Defendant Adem Husenaj appeals from a judgment entered in the United States District Court for the Eastern District of New York following his plea of guilty before Charles P. Sifton, *Judge,* convicting him of conspiracy to import methlylenedioxymethamphetamine in violation of 21 U.S.C. §§ 952(a) and 960(b)(3), and sentencing him principally to 51 months' imprisonment, to be followed by a two-year term of supervised release. On appeal, Husenaj argues (1) that the government acted in bad faith when it failed to move for a downward departure pursuant to § 5K1.1 of the Sentencing Guidelines ("Guidelines") on account of his cooperation, and (2) that the district court erred in failing to depart pursuant to Guidelines § 5K2.0. Finding no basis for reversal, we affirm.

■ The government has broad discretion to decide whether or not a defendant has complied with the terms of his cooperation agreement sufficiently to warrant a § 5K1.1 motion, and its determination is "subject[ ] to only limited review."

*United States v. Knights,* 968 F.2d 1483, 1487 (2d Cir.1992). In the present case, the district court found that the government had not breached its agreement with Husenaj and had not acted in bad faith in declining to make a § 5K1.1 motion. That ruling is amply supported by the record, which includes evidence that after entering into the cooperation agreement, Husenaj committed an assault, used unlawful narcotics at least twice, told an informant that Husenaj had destroyed documents related to one of the cases in which he was supposedly cooperating, and repeatedly lied to law enforcement agents about his post-cooperation-agreement conduct.

■ Husenaj's contention that the district court should nonetheless have granted him a downward departure pursuant to Guidelines § 5K2.0 is not properly before us. The refusal to grant a departure is not reviewable on appeal except for an error of law, such as the court's mistaken belief that it lacks the power to depart. *See, e.g., United States v. Clark,* 128 F.3d 122, 124 (2d Cir.1997); *United States v. Haynes,* 985 F.2d 65, 68 (2d Cir.1993). We see no error of law here, and we reject Husenaj's contention that the district court misapprehended its power. The court stated explicitly that a downward departure was not warranted by the record. That exercise of discretion, like Husenaj's contention that the court did not properly analyze the record, is unreviewable.

We have considered all of Husenaj's contentions that are properly before us and have found them to be without merit. The judgment of the district court is affirmed.

* Honorable Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.