UNITED STATES of America,
Appellee,

v.

Luz Betty NOGUERA, Defendant–
Appellant.

Docket No. 00–1709.

United States Court of Appeals,
Second Circuit.

June 19, 2001.

Edward S. Zas, Legal Aid Soc'y, Fed. Def. Div.App. Bur., N.Y., NY, for appellant.

Deirdre A. McEvoy, Ass't U.S. Att'y, SDNY, N.Y., NY, for appellee.

Present VAN GRAAFEILAND, KEARSE, Circuit Judges, and SEYBERT, District Judge.*

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Southern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the appeal be and it hereby is dismissed for lack of appellate jurisdiction.

Defendant Luz Betty Noguera appeals from a judgment entered in the United States District Court for the Southern District of New York following her plea of guilty before Deborah A. Batts, *Judge,* to a charge of conspiracy to distribute and to possess with intent to distribute heroin, in violation of 21 U.S.C. § 846. The court sentenced Noguera principally to 151 months' imprisonment, the bottom of the range prescribed by Sentencing Guidelines

* Honorable Joanna Seybert, of the United States District Court for the Eastern District of New York, sitting by designation.

("Guidelines"); in a departure from the Guidelines, the district court ordered that the sentence be served concurrently with the 100–odd months remaining on a sentence Noguera was already serving. On appeal, Noguera contends that the district court mistakenly believed it had no authority to grant a 24–month downward departure from the applicable Guidelines range. For the reasons that follow, we dismiss the appeal for lack of appellate jurisdiction.

▪ A district court's refusal to grant a downward departure is not reviewable except for an error of law, such as the court's mistaken belief that it has no authority to depart on the basis requested. *See, e.g., United States v. Clark,* 128 F.3d 122, 124 (2d Cir.1997); *United States v. Haynes,* 985 F.2d 65, 68 (2d Cir.1993). When the court has granted a departure, its refusal to depart to a greater extent is similarly unreviewable. *See, e.g., United States v. Hargrett,* 156 F.3d 447, 450 (2d Cir.), *cert. denied,* 525 U.S. 1048, 119 S.Ct. 607, 142 L.Ed.2d 547 (1998); *United States v. Moon,* 926 F.2d 204, 207, 210 (2d Cir. 1991). Given the district court's repeated references in this case to its discretion, and to 151 months as the appropriate minimum prison term for Noguera's offense, we cannot conclude that the court failed to reduce Noguera's sentence further because it believed it had no power to do so.

Noguera was convicted of conspiring to engage in narcotics trafficking while she was serving a term of imprisonment for another narcotics conspiracy offense. In such circumstances, the Guidelines provide that "the sentence for the instant offense shall be imposed to run consecutively to the undischarged term of imprisonment." Guidelines § 5G1.3(a). Consistent with this provision, Noguera was originally sentenced in May 1999 to a 151–month prison term, to be served consecutively to her preexisting sentence. The May 1999 sentence was vacated, with the consent of the government, on the basis that the court had not understood that it had the power to grant a downward departure on the ground that Noguera had been subjected to abuse by a prison guard. At a sentencing hearing commenced on October 11, 2000, the court stated that it had decided to grant Noguera a departure by making the 151–month prison term for the present offense concurrent with her undischarged prison term; in addition, because Noguera's sentencing, originally scheduled for May 1997, had been delayed for some 24 months as a result of adjournments requested by her attorney, the court wished to deem Noguera's service of the 151–month sentence to have commenced in May 1997. (*See* Sentencing Hearing Transcript, October 11, 2000 ("October 11 S.Tr."), at 26–29.) The parties promptly informed the court, however, that its proposed retroactive commencement of sentence was impermissible, *see generally United States v. Labeille–Soto,* 163 F.3d 93, 98–99 (2d Cir.1998), and the court invited further discussion.

Noguera then urged the court to compensate for its lack of authority to back-date commencement of the sentence to May 1997 by shortening the prison term from 151 months to 127 months. The court declined to do so, stating, "My difficulty with that, of course, is that the reasons that I set forth on the record for why I was doing what I was doing would not permit me to do that. I think the 151 months stands. So that if I can't nunc pro tunc it to '97, then it will be 151 months to '99." (October 11 S.Tr. at 34.) "I have pretty much stated the reasons that I have found a discretionary departure for concurrent sentence appropriate and have found that a downward departure based on the cases is not." (October 11 S.Tr. at 41.) The court adjourned the hearing, asking

the parties to devise a way of structuring the sentence to simulate a *nunc pro tunc* 1997 commencement, but

> "without making a finding for a downward departure, which quite frankly I cannot do. I have tried. I cannot do it. *It is not because I don't have the discretion. It is because I have looked at the facts, I have looked at the case law, and I do not believe that it is appropriate to have a downward departure for that basis.*"

(*Id.* (emphasis added).)

When the sentencing hearing resumed a week later, the government stated that once the court decided to depart under Guidelines § 5K2.0, it could structure that departure any way it wanted, whether by making the sentences concurrent, or decreasing Noguera's offense level, or both. (*See* Sentencing Hearing Transcript, October 18, 2000 ("October 18 S.Tr."), at 12–13.) The court stated:

> If I wasn't clear last week—I thought that I was, but I obviously wasn't—I intend to depart under 5K2.0 because of the fact pattern here which I do not believe was taken into account by the Sentencing Commission, and I plan on doing it—believe me, I take very seriously the fact that the defendant committed a very serious crime while in prison, which is why *I don't think that an offense level departure is appropriate, which is why I think the sentence of 151 months is appropriate.* But because of the peculiar and unique circumstances here, I find that the discretion to exercise or to impose a concurrent as opposed to a consecutive sentence is appropriate, and I intend to do that.

(October 18 S.Tr. at 14 (emphasis added).)

██ Noguera points to an ensuing statement by the government that "there is no further way" to shorten Noguera's sentence and the court's response, "I agree with you" (October 18 S.Tr. at 15), as support for her contention that "[t]here is a substantial risk that the district court misapprehended the extent of its power to reduce Noguera's 151–month sentence to achieve the desired degree of concurrency." (Noguera brief on appeal at 28.) This argument inappropriately views that statement by the district court in isolation. The court's agreement that there was no further way to shorten Noguera's sentence must be read in tandem with the court's statement, in the same colloquy, that it believed "151 months is appropriate" (October 18 S.Tr. at 14). Plainly, the import of that statement was that the requested shorter term of 127 months would be inappropriate. And given the court's repeated references to its discretionary powers, including the statement that its refusal to go below 151 months' prison time "is not because I don't have the discretion" (October 11 S.Tr. at 41), we see no indication that the district court mistakenly believed it lacked authority to depart to a greater extent than the more than 100–month departure it effected by making the present sentence concurrent. Accordingly, the court's refusal to grant a greater departure is not reviewable.

We have considered all of Noguera's arguments in support of appealability and have found them to be without merit. The appeal is dismissed for lack of appellate jurisdiction.

We note that, although the offense to which Noguera pleaded guilty was narcotics conspiracy in violation of 21 U.S.C. § 846, the judgment recites her offense as one under "18" U.S.C. § 846, a clerical error that will no doubt be corrected by the district court.