UNITED STATES of America, Plaintiff–Appellant,

v.

David SOLER, Defendant–Appellee.

Nos. 00–1450(L), 00–1635.

United States Court of Appeals, Second Circuit.

Nov. 15, 2001.

Lawrence F. Ruggiero, New York, NY, for appellant.

Vernon Broderick, Assistant United States Attorney for the Southern District of New York, New York, NY, for appellee.

Present FEINBERG, OAKES, and PARKER, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the orders of said district court denying the motions for new trial under Rule 33 be and they hereby are AFFIRMED; in all other respects, the

---

* Honorable John F. Keenan, of the United States District Court for the Southern District of New York, sitting by designation.

appeal is dismissed for lack of appellate jurisdiction.

Defendant–Appellant David Soler appeals from an amended judgment of conviction and resentencing and the denial of his Rule 33 new trial motions in the United States District Court for the Southern District of New York, Thomas P. Griesa presiding.

On October 11, 1995, the United States District Court for the Southern District of New York convicted Soler on five counts. *United States v. Soler*, 1999 WL 1295331, *1 (2d Cir.1999). This Court affirmed the defendant's conviction on all counts, vacating and remanding only the second count's sentence. On remand, the district court refused to alter the sentence beyond the mandated adjustment. The district court also twice denied the defendant's Rule 33 motion for a new trial. *United States v. Soler*, 2000 WL 385514, *1 (S.D.N.Y.2000)

A district court's refusal to depart is reviewable only if the court misunderstood its sentencing authority. *See United States v. Clark*, 128 F.3d 122, 124 (2d Cir.1997). The mandate rule requires that, on remand, a district court avoid consideration of issues decided either expressly or implicitly by the superior court unless "compelling circumstances" warrant further consideration. *See United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir.2001); *United States v. Uccio*, 940 F.2d 753, 758 (2d Cir.1991). This Court's 1999 remand allowed the district court to alter only the Count Two sentence. *Soler*, 1999 WL 1295331 at *2. Soler failed to demonstrate compelling circumstances permitting consideration beyond this mandate.[1] The district court thus lacked the authority to grant additional departures; its refusal to do so is unreviewable.

We affirm the district court's denial of the Rule 33 motions for new trial for substantially the same reasons stated by the district court. *See Soler*, 2000 WL 385514 at *1.

For the reasons set forth above, the district court's denial of the Rule 33 motions is AFFIRMED and the rest of the appeal is dismissed for lack of appellate jurisdiction.

---

1. Soler argues that *United States v. Finley*, 245 F.3d 199 (2d Cir.2001) prevents two § 924(c) findings in this case. Our holding in *United States v. Salameh*, 261 F.3d 271 (2d Cir.2001), clarifies that *Finley* does not apply where, as here, two unique "carryings" occurred.