**UNITED STATES of America,**
**Appellee,**

v.

**Guillermo GIL, Defendant–Appellant.**

**Docket No. 01–1214.**

United States Court of Appeals,
Second Circuit.

June 11, 2002.

B. Alan Seidler, Nyack, NY, for Appellant.

Jo–Anne Weissbart, Ass't U.S. Att'y, EDNY, Brooklyn, NY, for Appellee.

Present KEARSE, McLAUGHLIN, Circuit Judges, and DANIELS, District Judge.*

### SUMMARY ORDER

This cause came on to be heard on the record from the United States District Court for the Eastern District of New York, and was argued by counsel.

ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is modified, and as modified, is affirmed and remanded for entry of a corrected judgment.

Defendant Guillermo Gil appeals from a judgment entered in the United States District Court for the Eastern District of New York following his plea of guilty before Carol Bagley Amon, *Judge,* convicting him on one count of conspiring to import heroin, in violation of 21 U.S.C. § 963, and one count of conspiring to distribute and possess with intent to distribute heroin, in violation of 21 U.S.C. § 846. He was sentenced principally to two concurrent 151 month terms of imprisonment, to be followed by a three-year term of supervised release. On appeal, Gil contends principally (1) that his rights under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), were violated because in his plea of guilty he did not admit to trafficking in any particular quantity of

---

* Honorable George B. Daniels, of the United States District Court for the Southern District of New York, sitting by designation.

heroin, (2) that he was denied effective assistance of counsel, and (3) that the district court abused its discretion in denying him a downward departure for extraordinary family circumstances. Although we modify the judgment to reflect the penalty sections actually applied with respect to his conspiracy offenses, we find no merit in Gil's contentions, and we affirm the judgment as modified.

Gil accurately states that in his plea allocution he did not admit to conspiring to import, possess, or distribute any particular quantity of heroin. That fact, however, provides no basis for reversal. The penalties for conspiracy in violation of § 846 or § 963, respectively, are the same as those prescribed for the substantive offense that was the object of the conspiracy. *See* 21 U.S.C. §§ 846, 963. The object of Gil's § 846 conspiracy was the distribution and possession of heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1); the object of his § 963 conspiracy was the importation of heroin, in violation of 21 U.S.C. § 960(a)(1). Sections 841(b)(1)(A) and 960(b)(1)(A) provide penalties of up to life imprisonment, as well as setting mandatory minimum prison terms, for persons found guilty of possessing/distributing and importing, respectively, specified quantities of heroin. In contrast, § 841(b)(1)(C), provides that a person found guilty of possessing or distributing an unspecified quantity of heroin "shall be sentenced to a term of imprisonment of not more than 20 years," 21 U.S.C. § 841(b)(1)(C); similarly, § 960(b)(3) provides a 20 year maximum term for a person found guilty of importing an unspecified quantity of heroin. Except in circumstances not applicable here, neither § 841(b)(1)(C) nor § 960(b)(3) provides for a mandatory minimum prison term.

There is no dispute that, in sentencing Gil for violation of § 846, the district court adopted the government's explicit suggestion that it sentence him under § 841(b)(1)(C); with respect to the § 963 violation, the court also implicitly sentenced him under § 960(b)(3) rather than under § 960(b)(1)(A), as the record indicates that the only frame of reference was a 20–year maximum and reflects agreement among the court and the parties that there was no applicable mandatory minimum. The 151 month sentence imposed on Gil on each count was well below the 240 month maxima allowed by §§ 841(b)(1)(C) and 960(b)(3), and hence there was no *Apprendi* violation.

We note, however, that, notwithstanding the court's decision to apply to Gil the penalty provisions of §§ 841(b)(1)(C) and 960(b)(3), the written judgment indicates that he was sentenced under §§ 841(b)(1)(A) and 960(b)(1)(A). Accordingly, the judgment is modified to indicate that the sentence for Gil's § 846 offense was imposed under 21 U.S.C. § 841(b)(1)(C) and that the sentence for his § 963 offense was imposed under 21 U.S.C. § 960(b)(3). A corrected judgment should be entered reflecting those modifications.

Gil also contends that the attorney who represented him at the time of his plea of guilty provided constitutionally ineffective assistance. The record, however, does not indicate that counsel's performance was substandard; and given that Gil was sentenced below the statutory maxima for trafficking in unspecified quantities of heroin and without reference to any statutory mandatory minimum, and that he suffered no adverse consequences from having pleaded guilty, Gil cannot meet the standard for ineffective-assistance-of-counsel claims set by *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Finally, Gil's contention that the district court abused its discretion in denying him a downward departure for extraordinary family circumstances is not a proper subject for appeal. A district court's decision not to depart from the Guidelines is not reviewable on appeal unless the court has misapplied the Guidelines, imposed an illegal sentence, or misapprehended its departure authority. *See, e.g., United States v. Clark,* 128 F.3d 122, 124 (2d Cir.1997); *United States v. Brown,* 98 F.3d 690, 692 (2d Cir.1996) (per curiam); *United States v. Haynes,* 985 F.2d 65, 68 (2d Cir.1993). Gil does not contend that the sentence was illegal or resulted from a misapplication of law, and the record reveals that the court plainly understood that it had authority to depart. The court stated that Gil's situation "doesn't rise to the level of extraordinary family circumstances." In addition, the court stated that it had considered whether a departure might be warranted by a combination of family circumstances and extraordinary cooperation, but had concluded that "it just doesn't appear that the facts support it." The court's refusal to depart is thus not reviewable.

We have considered all of Gil's contentions that are properly before us and have found them to be without merit. The judgment of the district court is modified in accordance with the foregoing, and, as modified, is affirmed. The matter is remanded for correction of the judgment to reflect that Gil was sentenced under 21 U.S.C. § 841(b)(1)(C) rather than § 841(b)(1)(A), and under 21 U.S.C. § 960(b)(3) rather than § 960(b)(1)(A).

* Honorable George B. Daniels, of the United States District Court for the Southern District