**UNITED STATES of America,**
**Appellee,**

v.

**Edgar Vinicio RECINOS–RECINOS,**
**also known as Vinicio Recinos,**
**Defendant–Appellant.**

**Docket No. 01–1414.**

United States Court of Appeals,
Second Circuit.

July 3, 2002.

Geoffrey S. Stewart, New York, NY, for Appellant.

James B. Comey, United States Attorney for the Southern District of New York (Lauren Goldberg and David Raymond Lewis, Assistant United States Attorneys, on the brief), New York, NY, for Appellee.

Present WALKER, Chief Judge,
WINTER, Senior Circuit Judge and F.I.
PARKER, Circuit Judge.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the appeal is **DISMISSED.**

Defendant-appellant Edgar Vinicio Recinos–Recinos appeals from a sentence of forty-six months' imprisonment imposed by the district court (McMahon, *D.J.*) after defendant pled guilty to one count of illegal re-entry into the United States in violation of 8 U.S.C. § 1326(a), (b)(2).

In 1999, defendant Recinos–Recinos illegally returned to the United States after having been deported in 1997. At sentencing, defendant requested a downward departure on the ground that his illegal re-entry had been motivated by extraordinary family circumstances. Specifically, Recinos–Recinos contended that his wife had been hospitalized and had requested that he return to take care of her. The district

court denied this request for a downward departure.

On appeal, Recinos–Recinos argues that the district court misapprehended its authority to depart downward on the basis of his motive for the illegal re-entry, namely, extraordinary family circumstances. We approach challenges to the district court's understanding of its departure power with a strong presumption that the district court properly comprehended the scope of its authority. *See United States v. Brown,* 98 F.3d 690, 693–94 (2d Cir.1996) (per curiam). This presumption is overcome only where the record shows "clear evidence of a substantial risk that the judge misapprehended the scope of his departure authority." *Id.* at 694.

In this case, the district court explicitly recognized its authority to depart due to extraordinary family circumstances, but then rejected defendant's argument that his motivation provided a sufficiently extraordinary basis for a downward departure. Because the district court properly recognized the scope of its authority, its discretionary decision not to depart is unappealable. *See United States v. Clark,* 128 F.3d 122, 124 (2d Cir.1997).

For the reasons set forth above, the appeal from the district court is hereby **DISMISSED**.