**UNITED STATES of America,**
**Appellee,**

v.

**Frantz BISSAINTHE, Defendant–**
**Appellant.**

No. 03–1399–CR.

United States Court of Appeals,
Second Circuit.

Dec. 21, 2004.

F. Stanton Ackerman, Ackerman, Wachs and Finton, P.C., Albany, NY, for Appellant.

Robert P. Storch, Senior Litigation Counsel (Glenn T. Suddaby, United States Attorney for the Northern District of New York, Edward P. Grogan, Assistant United States Attorney, on the brief), Albany, NY, for Appellee.

PRESENT: WALKER, Chief Judge, POOLER, WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Frantz Bissainthe appeals the March 10, 2003 judgment of the district court convicting him, following a guilty plea, of illegal reentry into the United States following deportation for an aggravated felony, in violation of 8 U.S.C. §§ 1326(a) & (b)(2). Bissainthe was sentenced to 70 months' imprisonment, three years of supervised release, and a $100 special assessment. Familiarity with the facts and procedural background is assumed.

On appeal, Bissainthe argues that the district court abused its discretion by not applying a downward departure for what Bissainthe avers were errors in the calculation of his Criminal History Category ("CHC") and because his CHC overrepresented the seriousness of his prior criminal conduct. Bissainthe has made no allegation that the district court "mistakenly believe[d] that he or she lack[ed] authority to grant a given departure," *United States v. Clark,* 128 F.3d 122, 124 (2d Cir.1997), or relied on an erroneous interpretation of the law, *see United States v. Aponte,* 235 F.3d 802, 803 (2d Cir.2000). Accordingly, his claim is unreviewable by this court, *see United States v. Montez–Gaviria,* 163 F.3d 697, 701 (2d Cir.1998), and his appeal must be dismissed.

Moreover, while Bissainthe has not expressly challenged his CHC calculation on appeal, our review of the record in an exercise of caution confirms that (1) there were no uncorrected errors in the CHC calculation; (2) even if Bissainthe were correct that the September 18, 1997 parole violation stemming from his June 3, 1995

drug arrest and conviction was not outstanding at the time of the instant offense, the resulting two-point reduction in the PSR's calculation of 12 total criminal history points would not have moved him out of CHC V, which comprises the range of 10–12 points; and (3) a CHC V certainly did not overrepresent Bissainthe's prior criminal conduct, which included some 31 arrests and 13 convictions over a nine-year period. Indeed, none of the crimes identified by Bissainthe as contributing to this overrepresentation was included in his CHC calculation. We have reviewed all of Bissainthe's remaining arguments and find them to lack merit.

For the foregoing reasons, the appeal from the judgment of the district court is DISMISSED.

The mandate in this case will be held pending the Supreme Court's decision in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004), and *United States v. Fanfan*, —— U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004). Should any party believe there is a need for the district court to exercise jurisdiction prior to the Supreme Court's decision, it may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the court will not reconsider those portions of this order that address the defendant's sentence until after the Supreme Court has issued a decision in *Booker* and *Fanfan*. With respect to such issues, the parties will automatically have an additional fourteen days from the date of the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan*.