United States v. Vasquez

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand thirteen.

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
             DENNY CHIN,
                   *Circuit Judges.*

───────────────────────────────────────────────

UNITED STATES OF AMERICA,

                   *Appellee,*[*]

          -v-                                                  12-2954-cr

ZACHARY VASQUEZ AKA MUNCH,

                   *Defendant-Appellant,*

PEDRO ADAMS, AKA WHITE PETE, MIGUEL BENITEZ, AKA MEGA, JOHN CURET, AKA JB, AKA COUS, AKA JOHN JOHN, KRISTOPHER ALVARADO, AKA SKUR, AKA CHRISTIAN, EDWARD NEGRIN, AKA KEV, HECTOR SANTILLIAN, AKA FREAKY, WILLIAMS HENDRICKS, AKA CHARLIE, PAUL DANIELS, AKA HARLEM, DARRYL RANDOLPH, AKA LIGHT, TEVON NELSON,

                   *Defendants.*

───────────────────────────────────────────────

Appearing for Appellee:        John P. Collins, Jr. (Katherine Polk Failla, *on the brief*), Assistant
                               United States Attorneys, *for* Preet Bharara, United States Attorney
                               for the Southern District of New York, New York, NY

─────────────────────

[*]The clerk should remove "Plaintiff" from the caption.

Appearing for Appellant:     James M. Branden, Law Office of James M. Branden, New York, NY

Appeal from the United States District Court for the Southern District of New York (Preska, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's order is **VACATED** and **REMANDED**.

Defendant-Appellant, Zachary Vasquez appeals from the district court's June 25, 2012 order denying his motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and the United States Sentencing Commission, Guidelines Manual, App. C, Amendment 750, which lowered the base offense levels for crack cocaine offenses. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We review a district court's denial of a motion to reduce a sentence pursuant to § 3582(c)(2) for abuse of discretion. *United States v. Borden*, 564 F.3d 100, 104 (2d Cir. 2009). An abuse of discretion occurs where a district court " 'base[s] its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or render[s] a decision that cannot be located within the range of permissible decisions.' " *Id.* (*quoting Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008)).

Title 18, United States Code, Section 3582(c)(2) authorizes a district court to reduce a defendant's sentence "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(2).

Defendant argues on appeal that the court abused its discretion by not decreasing defendant's 80-month sentence to a 70-month sentence, under the new Guidelines. A district court's refusal to grant a downward departure is generally not appealable. *See, e.g., United States v. Martin*, 78 F.3d 808, 815 (2d Cir. 1996); *United States v. Sharpsteen*, 913 F.2d 59, 62-63 (2d Cir. 1990). One narrow exception exists for those cases in which the sentencing judge mistakenly believes that he or she lacks authority to grant a given departure. *See, e.g., United States v. Ekhator*, 17 F.3d 53, 55 (2d Cir. 1994). This Court finds where documents submitted to the district court create "a distinct risk that the [c]ourt was agreeing with the contention that a departure was legally unavailable " remand is appropriate. *United States v. Clark*, 128 F.3d 122, 124 (2d Cir. 1997) (quoting *United States v. Brown*, 98 F.3d 690, 694 (2d Cir. 1996)). *See also United States v. Fleming*, 397 F.3d 95, 100 (2d Cir. 2005) (stating the rule).

In the case at hand, both the probation office, as well as the government, submitted documents incorrectly advising the district court, as to Vasquez's sentence. First, the Probation Office's March 20, 2012 memorandum incorrectly stated that "the defendant is precluded from a sentencing reduction." Probation Memo. at 2. As the government admits, this statement was "mistaken[]," given Vazques was in fact eligible for a sentencing reduction under § 3582(c)(2). Appellee's Br. at 9. Moreover, in its own memorandum to the district court, the government incorrectly stated that the previous sentencing judge "determined that the total offense level was

2

30." A.55 In fact, the total offense level determined by the sentencing judge was 29. Thus, in addition to the probation office incorrectly stating that the defendant was ineligible for a sentencing reduction, the government incorrectly advised the district court as to the initial scope of the possible sentencing range. Given that the record here provides this Court with clear evidence of a substantial risk that the district court misapprehended the scope of its departure authority we find remand appropriate.

Accordingly, we remand for further consideration of the sentence. If the district court determines that it would not depart even if the circumstances made a departure warranted, or concludes, after appropriate fact-finding, that a departure is not warranted, the sentence should not be disturbed. If the circumstances warrant a departure, the sentence may be adjusted.

Accordingly, the order of the district court hereby is VACATED and REMANDED.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3