104 F.3d 351
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Jack SHAOUL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-2340.
 United States Court of Appeals, Second Circuit.
 Oct. 30, 1996.
 
 Jack Shaoul appeals from an order entered on March 19, 1996, in the United States District Court for the Southern District of New York (Dominick L. DiCarlo, Chief Judge United States Court of International Trade, sitting by designation) denying Shaoul's petition, pursuant to 28 U.S.C. § 2255, to vacate and correct his sentence. Shaoul was convicted after a jury trial of conspiring to commit mail fraud in violation of 18 U.S.C. § 371, and of ten substantive mail fraud counts in violation of 18 U.S.C. § 1341. Shaoul had new counsel at sentencing, and was sentenced to concurrent 40-month terms on each count, two years supervised release, a $50,000 fine, and the mandatory special assessments. In addition, the district court ordered Shaoul to pay $13,356.90 to the Fireman's Fund Insurance Company as restitution.
 S.D.N.Y.
 AFFIRMED.
 George E. Goldstein, Philadelphia, PA.
 Michael S. Sommer, Assistant United States Attorney, S.D.N.Y.
 Present: MESKILL, CALABRESI, CABRANES, Circuit Judges.
 
 
 1
 On direct appeal, Shaoul challenged his conviction, arguing that the district court abused its discretion in denying his motion for a new trial and claiming that the district court's jury instructions on unanimity were plainly erroneous. The conviction was affirmed by this court. United States v. Shaoul, 41 F.3d 811 (2d Cir.1994). Shaoul then filed a petition, pursuant to 28 U.S.C. § 2255, to vacate and correct his sentence on the grounds that both his first attorney, the trial counsel, and his second attorney--his counsel at sentencing and on appeal--had been ineffective. In an opinion and order dated March 18, 1996, the district court denied Shaoul's petition. Shaoul now appeals, arguing that he should be granted a hearing on his ineffective assistance of counsel claims.
 
 
 2
 Shaoul is an antique dealer who was charged in connection with two schemes to defraud insurance companies of about $1.2 million. The evidence at trial indicated that the first scheme involved a false report that art works had been stolen from Shaoul's car. In fact, no art works had been stolen. In addition, the painting that he alleged had been stolen was not authentic, and therefore was not worth the $605,000 he sought. The second scheme centered on an allegation of water damage to items in Shaoul's antique shop. Evidence at trial showed that, in this scheme, Shaoul sought recovery for glass items that had not actually been damaged by water and for a fake Winslow Homer watercolor that he had intentionally damaged. Shaoul furthered these schemes by mail, sending claim forms and documentation supporting his valuation of the items to two insurance companies.
 
 
 3
 In support of his § 2255 petition, Shaoul claims that his second attorney was ineffective at sentencing and on appeal because the counsel (1) failed to challenge alleged errors in calculating the amount of loss for sentencing purposes under U.S.S.G. § 2F1.1 (the court allegedly used a revised version of an application note that had become applicable since the commission of the crime), (2) failed to request a three-level decrease in offense level for non-completion of the crime, pursuant to U.S.S.G. § 2X1.1, and (3) failed to request a downward departure for diminished capacity, pursuant to § 5K2.13. Shaoul also argues that his trial counsel was ineffective because the counsel failed to prepare adequately for trial, conducted the trial poorly, and neglected to call Shaoul's alleged emotional difficulties to the attention of the court.
 
 
 4
 We may find ineffective assistance of counsel only upon determining that counsel's behavior fell below "an objective standard of reasonableness" judged by "prevailing professional norms," Strickland v. Washington, 466 U.S. 668, 688 (1984), and that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694. Although this standard was formulated in the context of evaluating the conduct of trial counsel, the same test is applied to appellate counsel. Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir.), cert. denied, 115 S.Ct. 81 (1994).
 
 
 5
 Applying this standard, we find that Shaoul's arguments that he was denied effective assistance by his first and second attorneys are without merit.
 
 
 6
 1. Failure to Appeal Calculation of Loss. Shaoul claims that his counsel was ineffective because he failed to appeal the court's calculation of loss pursuant to U.S.S.G. § 2F1.1. Shaoul admits he intended to obtain $605,000 from his insurance company for a painting he claimed had been stolen, but argues that he should only have been sentenced based on a loss of $1000, an amount he alleges was the maximum the Fireman's Fund would have been likely to pay. In support of this argument, Shaoul appeals to Application Note 7 to § 2F1.1 as it read in 1991, which states that "if a probable or intended loss that the defendant was attempting to inflict can be determined, that figure would be used if it was larger than the actual loss." He argues that the district court incorrectly used a revised version of the note in which the words "probable or" were deleted, and it thus erred in using the "intended" rather than the "probable" loss. According to Shaoul's argument, the 1991 note must be read to require that where the fraud was poorly executed or unrealistic, the defendant should be sentenced only on the basis of what he was likely to achieve, not his intended loss. This argument has no merit.
 
 
 7
 Shaoul provides no support for the claim that the court was required to use the probable loss rather than the intended loss where the probable loss was less. The plain language of the application note, which frames probable loss and intended loss in the disjunctive, suggests otherwise. Moreover, Shaoul does not support his view that the probable loss under the application note meant the loss given the probability that the crime would have succeeded. To the contrary, it is evident from the goals of the guidelines that,
 
 
 8
 for purposes of sentencing a convicted criminal for attempted fraud under sections 2F1.1 and 2X1.1 of the Guidelines, the term "probable" loss refers not to the probability that an attempt will succeed, but rather to the amount of loss that the victim probably would suffer, assuming the attempt did succeed.
 
 
 9
 United States v. Davis, 922 F.2d 1385, 1392 (9th Cir.1991) (footnote omitted). In this case, Shaoul asserted that the painting was personal property, and he attempted to recover $605,000 for the painting, the maximum amount available for unscheduled personal property under his homeowner coverage. Had he succeeded in his attempt, the "probable" loss to the insurance company would have been the amount of the claim. Moreover, although Shaoul argues that the insurance company would have been unlikely to pay the claim, the sentencing court clearly disagreed. Shaoul's counsel cannot be found to have been inadequate for failing to make an argument he could reasonably believe was unsupported by both facts and law.
 
 
 10
 2. Failure to Request Reduction for Lack of Completion. Shaoul argues that his counsel behaved unreasonably in failing to request a three-level decrease in his offense level pursuant to § 2X1.1. That section requires a three-level decrease,
 
 
 11
 unless the defendant ... completed all the acts the [defendant] believed necessary ... for the successful completion of the substantive offense or the circumstances demonstrate that [he was] about to complete all such acts but for apprehension or interruption by some similar event beyond [his] control.
 
 
 12
 U.S.S.G. § 2X1.1(b)(2). There is strong support in the record for the district court's finding that Shaoul competed all the acts he believed necessary to defraud the Fireman's Fund Insurance Company before he withdrew his claim. Moreover, as the district court found, his withdrawal of the insurance claim soon after the FBI executed a search warrant at Shaoul's business suggests that he would have completed the offense but for this interruption. In light of the strong evidence that Shaoul completed the crime, his counsel was not ineffective for failing to pursue the reduction.
 
 
 13
 3. Failure to Request Departure for Diminished Capacity. Shaoul argues that he was denied effective assistance at sentencing because his attorney failed to request a downward departure for diminished capacity pursuant to U.S.S.G. § 5K2.13. A downward departure for diminished capacity requires "reduced mental capacity and a causal link between that reduced capacity and the commission of the charged offense." United States v. Piervinanzi, 23 F.3d 670, 684 (2d Cir.) (citation and internal quotation marks omitted), cert. denied, 115 S.Ct. 267 (1994), 115 S.Ct. 259 (1994). Nothing in the record supports Shaoul's claims that he suffered from diminished capacity at the time of his crime or that this alleged diminished capacity contributed to his commission of the crime. Nor does Shaoul do more than make conclusory assertions to support these claims here. His bare allegations do not constitute a "plausible showing that upon an evidentiary hearing" he might be able to prove that his counsel was deficient for failing to request the downward departure. See United States v. Tarricone, 996 F.2d 1414, 1419 (2d Cir.1993).
 
 
 14
 4. Failure to Prepare for or Conduct Trial Properly. Shaoul also argues on various grounds that his trial counsel provided ineffective assistance. Given the overwhelming evidence of his guilt, Shaoul cannot show the prejudice necessary to establish ineffective assistance of counsel under Strickland. 466 U.S. at 694. We therefore reject this claim.
 
 
 15
 A petitioner is not entitled to a hearing under 28 U.S.C. § 2255 if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." In this case, a hearing was unnecessary because the existing record demonstrates that Shaoul's allegations would not entitle him to relief.
 
 
 16
 We have examined all of Shaoul's contentions, and find them to be without merit. The district court's order is therefore affirmed.