UNITED STATES of America,
Appellee,

v.

Bruce SILLEG, Defendant–Appellant.

Docket No. 01–1615.

United States Court of Appeals,
Second Circuit.

Argued Sept. 20, 2002.

Decided Nov. 22, 2002.

Richard Ware Levitt, New York, NY, for Defendant–Appellant.

Marcus A. Asner, New York, NY (James B. Comey, United States Attorney for the Southern District of New York; Christine H. Chung, of counsel), for Appellee.

Before: FEINBERG, STRAUB and MAGILL,* Circuit Judges.

FEINBERG, Circuit Judge.

Bruce Silleg appeals from his sentence entered in November 2001 in the United States District Court for the Southern District of New York (Martin, J.). The court sentenced Silleg to 41 months imprisonment following his guilty plea to charges of receiving and possessing child pornography images that had been mailed, shipped or transported in interstate commerce, in violation of 18 U.S.C. § 2252A(a)(2)(A) and 18 U.S.C. § 2252A(a)(5)(B) (2000). On appeal, Silleg argues that the district court misapprehended its authority to downwardly depart on the basis of diminished capacity, pursuant to U.S.S.G. § 5K2.13. For the reasons stated below, we vacate the sentence and remand for resentencing.

## I. Background

Silleg was arrested in April 2000 after accepting a controlled delivery of six videotapes of child pornography he had ordered through an undercover internet operation. Law enforcement agents lawfully searched Silleg's home and found, in addition to the six videotapes, hundreds of downloaded images of child pornography on his home computer. Silleg also told agents about additional child pornography images that were stored in his office computer and consented to a search. In January 2001, Silleg waived indictment and pled guilty to a two-count information charging him with the receipt and possession of the videotapes and computer images of child pornography that had been mailed, shipped or transported in interstate commerce.

Following Silleg's plea, a Pre Sentence Investigation Report determined a Sentencing Guidelines range of 41 to 51 months imprisonment and recommended a sentence of 41 months. In a letter to the district court, Silleg moved for a downward departure from the applicable guidelines range, arguing principally that he "committed the crimes for which he is charged while suffering from a diminished mental capacity," pursuant to U.S.S.G. § 5K2.13.[1] In support of his motion, Silleg submitted two psychiatric evaluations prepared by noted experts in the diagnosis and treatment of sex offenders, as well as an affirmation from a psychologist who had been treating him for several years.

The evaluating psychiatrists concurred in their diagnosis that Silleg did not meet the criteria for pedophilia or paraphilia but instead suffered from bipolar type II disorder, a biochemical imbalance. They concluded that Silleg's bipolar disorder contributed causally to his commission of the offenses. As one of the experts explained, "[Silleg] was in a hypomanic or manic episode during the period that he downloaded images of child pornography and ordered

---

* The Honorable Frank J. Magill, of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

1. Silleg also requested and was denied a downward departure on other grounds, including aberrational conduct, extraordinary rehabilitative conduct, and consequences to third parties. He does not raise these grounds on appeal.

the videotapes; in this state, the usual controls that he or others might have over their behavior were reduced." This impairment in Silleg's ability to control himself, the experts determined, had contributed to other manic episodes, including acute spending sprees on wines, clothes, videos or electronic equipment he did not need or use and could not afford, as well as to his "pattern of attraction to many sorts of bizarre images which did not involve child pornography." The experts also noted that Silleg had been continuously and severely beaten by his father and that his family had a history of manic depressive and mood disorders.

The government opposed Silleg's motion for a downward departure, submitting sealed exhibits of the child pornography images Silleg had downloaded. It argued that Silleg "cannot establish, in the face of the record evidence: (i) that he suffered from a significantly reduced mental capacity and (ii) a causal link between his psychological problems and the crime he committed." In another letter to the court, Silleg responded in some detail to these arguments.

During Silleg's sentencing hearing, the district court addressed the submissions regarding a diminished capacity departure. In an initial exchange with Silleg's counsel, the court commented that the government's position that there was an insufficient causal link seemed "to have some merit." It questioned and expressed doubt as to whether anything in Silleg's submissions "really links [Silleg's] problems to the specific crime." Silleg's counsel pointed to the findings of the defense experts regarding causation and noted that the government had not offered a rebuttal expert.

Without further comment on the issue of causation, the district court proceeded to "another question": whether the heartland of the child pornography guideline already encompassed mental conditions. In the court's view, unlike a defendant in a "bank robbery [or] forgery" case, "almost every person who gets involved in this type of thing does it in some greater or lesser degree because of some mental condition, some history of abuse." Silleg's counsel countered that it would be "next to inconceivable" for a child pornography offender to get a diminished capacity departure under that view and argued that "that is not what the law is." The district court then stated: "I find it difficult to believe that the Sentencing Commission in adopting this guideline didn't recognize that the typical defendant who is going to be sentenced under this guideline would be somebody who had some diagnosable mental condition."

At the conclusion of the hearing, the district court denied the departure motion, stating:

> While I am, as I indicated during counsel's remarks, not unsympathetic to the problems that this defendant had in his life, there simply is not present before me, either individually or in combination, a set of circumstances where I can say with a clear conscience that the Sentencing Commission did not adequately consider the factors that are present here when they adopted the guidelines that I must impose sentence under.

The court reiterated that "almost every [child pornography] defendant who comes before the court comes with documented psychological problems." Such psychological problems, the court reasoned, were "adequately considered by the Sentencing Commission" when the Commission adopted the guideline for child pornography offenses. The court then sentenced Silleg to 41 months, the bottom end of the guidelines range. This appeal from his sentence followed.

## II. Discussion

In this Court, Silleg contends that the district court misapprehended its authority to depart on the basis of diminished capacity in child pornography cases and erred in denying him individualized consideration of his departure motion. He suggests that the district court's remarks indicate that but for the court's belief that it was constrained by the guidelines it would have considered a downward departure.

■ A district court's refusal to grant a downward departure generally is not appealable. See, e.g., *United States v. Labeille–Soto*, 163 F.3d 93, 100 (2d Cir. 1998). We have recognized an exception to this rule for "cases in which the sentencing judge mistakenly believes that he or she lacks the authority to grant a given departure." *United States v. Clark*, 128 F.3d 122, 124 (2d Cir.1997). Although we usually presume that the district court understands the extent of its sentencing authority, we have held that "this presumption can be overcome where 'the record provides a reviewing court with clear evidence of a substantial risk that the judge misapprehended the scope of his departure authority.'" *Id.* (quoting *United States v. Brown*, 98 F.3d 690, 694 (2d Cir.1996)). We have found such a risk "where the available ground for departure was not obvious and the sentencing judge's remarks made it unclear whether he was aware of his options." *Clark*, 128 F.3d at 124. Silleg argues that the district court's remarks constitute "clear evidence of a substantial risk" that the court may not

have understood its departure authority in this case. The risk arises in part because this Circuit has not specifically recognized diminished capacity as a permissible basis for downward departure in child pornography cases. See *United States v. Rivera*, 192 F.3d 81, 85 (2d Cir.1999) ("[W]e cannot assume that a district court appreciated a principle that (as here) is announced on appeal.").

■ A departure outside the applicable guideline range is authorized if the court "finds that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission...." 18 U.S.C. § 3553(b); U.S.S.G. § 5K2.0. "In determining whether a circumstance was adequately taken into consideration," Congress directs courts to "consider only the sentencing guidelines, policy statements, and official commentary of the Sentencing Commission." 18 U.S.C. § 3553(b). The Sentencing Commission provides guidance by identifying in subpart 5K2 a number of factors that it "has not been able to take into account fully in formulating the guidelines," U.S.S.G. § 5K2.0, which serve as encouraged bases for departure.[2] See *Koon v. United States*, 518 U.S. 81, 94–95, 116 S.Ct. 2035, 135 L.Ed.2d 392 (1996); see also *United States v. Broderson*, 67 F.3d 452, 458 (2d Cir.1995) (discussing *United States v. Rivera*, 994 F.2d 942 (1st Cir.1993) (Breyer, C.J.)). A sentencing court is authorized to depart on the basis of an encouraged factor as long as the "applicable guideline does not already take it into account."[3]

---

**2.** By contrast, the Sentencing Guidelines prohibit departures based on certain factors, see, e.g., § 5H1.10 (race, sex, national origin, creed), and identify certain discouraged bases for departure, see, e.g., § 5H1.6 (family ties and responsibility). The Guidelines caution that departures based on discouraged factors, which are "not ordinarily relevant to the de-

termination of whether a sentence should be outside the applicable guideline range," should only be granted in "exceptional cases." U.S.S.G. ch. 5, pt. H, intro. comment.

**3.** If an encouraged factor is "already taken into account by the applicable Guideline, the court should depart only if the factor is pres-

*Koon,* 518 U.S. at 96, 116 S.Ct. 2035; *United States v. Karro,* 257 F.3d 112, 121 (2d Cir.2001).

"Diminished capacity" is one of the enumerated factors in subpart 5K2. See *Rivera,* 994 F.2d at 948 ("The individual guidelines do not take into account … an offender's 'diminished capacity,' which circumstance, in the Commission's view would normally warrant a downward departure."). Section 5K2.13 expressly authorizes a downward departure "if the defendant committed the offense while suffering from a significantly reduced mental capacity."[4] Diminished capacity is an exception to the general rule that "[m]ental and emotional conditions are not ordinarily relevant in determining whether a sentence should be outside the applicable range."[5] U.S.S.G. § 5H1.3 (referring to subpart 5K2 as containing exceptions to the general rule).

We find no textual support for the apparent concern of the district court that the Sentencing Commission had already implicitly considered diminished capacity in developing guidelines for child pornography offenses, thereby rendering departure on that basis impermissible except in extraordinary circumstances.[6] Neither guidelines section 5K2.13, the departure guideline for diminished capacity, nor section 2G2.2, the guideline applicable to Silleg's offense, contains any language suggesting that diminished capacity is not a permissible basis for departure in child pornography cases. Section 5K2.13 prohibits diminished capacity departures under three circumstances, but none of those circumstances apply to Silleg or to child pornography offenses generally.[7] In addition, section 2G2.2 does not provide for specific adjustments based on diminished capacity (or lack thereof) or otherwise indicate that the Sentencing Commission

---

ent to an exceptional degree or in some other way makes the case different from the ordinary case where the factor is present." *Koon,* 518 U.S. at 96, 116 S.Ct. 2035.

4. "Significantly reduced mental capacity" is defined as "a significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful." U.S.S.G. § 5K2.13 (Application Note).

5. See *United States v. Barton,* 76 F.3d 499, 502 (2d Cir.1996) (holding in a child pornography case that "[t]he evidence does not support a downward departure on the ground that [the defendant] suffered from an extraordinary mental or emotional condition"). Unlike Silleg, Barton did not move for a diminished capacity departure under section 5K2.13. We also note that when *Barton* was decided the Sentencing Commission had not yet added volitional impairments to the definition of "significantly reduced mental capacity." See infra note 8.

6. In contrast to the circumstances in this case, the Sentencing Commission provides in section 5K2.0 two examples where departure

on the basis of an encouraged factor would not be warranted unless "present to a degree substantially in excess of that which ordinarily is involved in the offense." Notably in both instances, it is clear from the text of the departure guideline or the adjustments in the offense guideline that the Commission had in fact considered an encouraged factor in relation to a specific offense.

7. Section 5K2.13 provides that "the court may not depart below the applicable guideline range if (1) the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicants; (2) the facts and circumstances of the defendant's offense … involved actual violence or a serious threat of violence; or (3) the defendant's criminal history indicates a need to incarcerate the defendant to protect the public." We note that Silleg's evaluating psychiatrists recommended drug treatment for his bipolar disorder but did not prescribe "sex-offender specific therapy," finding "that his risk to the general public and of repeating his behavior of consuming child pornography would be minimal."

considered diminished mental capacity when it developed this guideline. See U.S.S.G. § 5K2.0 (explaining that adjustments in an offense guideline may reflect consideration of a factor listed in subpart 5K2).

Although this Court has not specifically addressed whether a diminished capacity departure is available in child pornography cases, other courts have recognized that such departures are permissible. In *United States v. McBroom,* 124 F.3d 533 (3d Cir.1997), the Third Circuit remanded a case involving possession of child pornography because the district court mistakenly believed it lacked discretion to depart on the basis of diminished volitional capacity.[8] The *McBroom* court noted that "[t]he encouraged factor of section 5K2.13 is not taken into account by the guideline provisions applicable to this case, and so the district court was authorized to depart if it found that McBroom satisfied the requirements of section 5K2.13." *Id.* at 539 n. 6; see also *United States v. Black,* 116 F.3d 198, 201–02 (7th Cir.) (finding denial of diminished capacity departure in child pornography case unreviewable where the district court clearly stated that "he knew he had discretion to depart, but that he believed a departure was unwarranted"), *cert. denied,* 522 U.S. 934, 118 S.Ct. 341, 139 L.Ed.2d 264 (1997); *United States v. Goossens,* 84 F.3d 697, 700–02 (4th Cir. 1996) (looking to the text of section 5K2.13 to find diminished capacity "an appropriate basis for departure" in child pornography case but reversing grant of departure because the "record does not support the

finding ... that [defendant] suffered from a significantly reduced mental capacity that contributed to his offense"); *United States v. Soliman,* 954 F.2d 1012, 1014 (5th Cir.1992) (assuming that diminished capacity was a permissible basis for departure in child pornography case but affirming district court's finding that the defendant's mental condition was "not significantly causally linked to the offense"); but see *United States v. Miller,* 146 F.3d 1281, 1285–86 (11th Cir.1998) (reversing grant of diminished capacity departure because the defendant's mental disorder is not so atypical or unusual to take the case outside the heartland of child pornography cases and because "the facts did not sufficiently link the disorder to the offense").

In light of the plain language of the Sentencing Guidelines and the views of most other circuits to consider the issue, we hold that the diminished capacity of a defendant in a child pornography case may form the basis for a downward departure where the requirements of section 5K2.13 are satisfied.

■■ The government agrees that diminished capacity is a permissible basis for downward departure in child pornography cases.[9] It disputes, however, Silleg's contention that the district court did not understand its authority to depart on that basis. The government points to the district court's initial colloquy with Silleg's counsel to argue that the court found an insufficient causal link between Silleg's diminished capacity and criminal offenses.[10] Having determined that Silleg had not es-

**8.** In November 1998, the Sentencing Commission amended section 5K2.13 by "add[ing] an application note that defines 'significantly reduced mental capacity' in accord with the decision in [*McBroom*]." See U.S.S.G. Supp. to App. C, amend. 583.

**9.** At oral argument, the government responded to the panel's query whether this circuit has recognized diminished capacity in child pornography cases as follows: "It's certainly been my assumption that [diminished capacity departure] is available in circumstances where it's appropriate."

**10.** See supra at pages 559–60.

tablished that requirement of section 5K2.13, the government contends, the court was left to consider the fact of Silleg's mental condition alone and found that it was not extraordinary enough to warrant a departure.

■ In other types of cases, this Court has held that to establish diminished capacity a defendant must establish both "reduced mental capacity and a causal link between that reduced capacity and the commission of the charged offense." *United States v. Prescott*, 920 F.2d 139, 146 (2d Cir.1990) (drug conspiracy); see also *United States v. Ventrilla*, 233 F.3d 166, 169 (2d Cir.2000) (mailing a threatening communication with intent to extort money); *United States v. Piervinanzi*, 23 F.3d 670, 684 (2d Cir.1994) (wire and bank fraud and money laundering). Factual conclusions with regard to these elements are reviewable only for clear error. *Piervinanzi*, 23 F.3d at 685. While a denial of a diminished capacity departure based on the absence of a causal link is thus proper, we cannot conclude from the record before us that the district court made such a finding in denying Silleg's departure motion.

It is true that in an initial colloquy with counsel, the district court questioned the sufficiency of the causal link between Silleg's diminished mental capacity and commission of the offenses. However, the record shows that the court dropped this line of inquiry and did not return to it. The court's subsequent comments, moreover, suggest that it would have felt compelled to deny a departure *even if* a causal link had been shown, on the ground that the heartland of the guideline already encompasses defendants with mental problems.[11] Significantly, in announcing its decision to deny Silleg's motion, the court did not

mention, much less rely on, the absence of a causal connection. *Cf. Prescott*, 920 F.2d at 146 (district court had "carefully noted [that] defendant had not satisfied either of the two elements required for a § 5K2.13 downward departure"); *Piervinanzi*, 23 F.3d at 684–85 (district court "clearly inquired into the element of causation and found it to be missing" on the basis of expert psychological reports and other evidence). Nor did the court indicate that it was denying the departure motion in an exercise of its discretion in this case. See *McBroom*, 124 F.3d at 548 ("[T]he district courts retain their discretion to deny a downward departure even when a defendant does satisfy his burden."); *Black*, 116 F.3d at 201–02 (finding unreviewable sentencing judge's denial of a diminished capacity departure where "he knew he had discretion to depart, but that he believed a departure was unwarranted"). Rather, the district court reiterated an apparently categorical view that the "documented psychological problems" of child pornography offenders could not serve as "grounds on which the court can in conscience depart."

From the record before us, particularly in light of our decision today recognizing the availability of diminished capacity departures in child pornography cases, we believe that there is a significant risk that the able and conscientious judge may have misapprehended his authority to depart on the basis of diminished capacity in this case. We therefore vacate the sentence and remand for resentencing, including reconsideration of Silleg's motion for a downward departure pursuant to U.S.S.G. § 5K2.13.

---

11. As noted earlier, the district court apparently assumed causation, stating: "[A]lmost every person who gets involved in this type of thing does it in some greater or lesser degree *because of* some mental condition, some history of abuse." (Emphasis added).