UNITED STATES of America,
Appellee,

v.

Israel FLORES–MARTINEZ,
Defendant–Appellant.

No. 02–1467.

United States Court of Appeals,
Second Circuit.

April 2, 2003.

Scott B. Klugman, Assistant United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

Frank Handelman, New York, NY, for Appellant.

PRESENT: FEINBERG, F.I. PARKER, and SOTOMAYOR, Circuit Judges.

SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 2nd day of April, Two Thousand and Three.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the appeal is DISMISSED.

Defendant-appellant Israel Flores–Martinez appeals the district court's July 30, 2002 judgment convicting him, upon his plea of guilty, of illegal reentry after deportation, in violation of 8 U.S.C. § 1326(a). The court sentenced Flores–Martinez to, among other things, 70

months of imprisonment. On appeal, Flores–Martinez argues that the district court erred by failing to grant his motion for a downward departure on the ground that his criminal history category substantially over-represented the seriousness of his criminal history.

"It is well established in this Circuit that a court's decision not to depart from the Guidelines is ... not appealable ... [unless] the defendant shows that a violation of law occurred, that the Guidelines were misapplied, or that the refusal to depart was based on the sentencing court's mistaken conclusion that it lacked the authority to depart." *United States v. Lainez–Leiva,* 129 F.3d 89, 93 (2d Cir.1997) (per curiam) (internal citations, quotations, and punctuation omitted). Flores–Martinez argues that the last of these exceptions applies, but he has not pointed to anything in the record that demonstrates that the district court failed to apprehend its authority to depart downward. At most, he argues that the district court erred because "there was no statement by the court to indicate that the court understood the extent of its authority to depart on the grounds of [Flores–Martinez's] demonstrated diminished capacity." But "a district court's silence concerning its refusal to depart downward does not support an inference that the district court misapprehended its scope of authority." *United States v. Lawal,* 17 F.3d 560, 563 (2d Cir. 1994). Although Flores–Martinez relies heavily on *United States v. Silleg,* 311 F.3d 557 (2d Cir.2002), that case is readily distinguishable. In *Silleg* the district court made statements during the sentencing hearing that indicated that it did not believe it had the authority to grant a downward departure. Therefore, Flores–Martinez has failed to establish that the district court "mistaken[ly] conclu[ded] that it lacked the authority to depart."

We have considered all of Flores–Martinez's arguments and find them meritless. Since this case presents none of the exceptions to the rule that decisions not to depart from the Guidelines are not reviewable, the appeal is DISMISSED.