UNITED STATES of America,
Appellee,

v.

Vince Leslie PARKS, a/k/a "Vee Parks", Defendant–Appellant.

No. 02–1753.

United States Court of Appeals,
Second Circuit.

Sept. 15, 2003.

Colleen P. Cassidy, The Legal Aid Society, New York, NY, for Appellant.

Christopher P. Conniff, Assistant United States Attorney for the Southern District of New York, (James B. Comey, United States Attorney for the Southern District of New York, Adam B. Siegel, Assistant United States Attorney, of counsel), New York, NY, for Appellee.

Present: NEWMAN, SOTOMAYOR, and WESLEY, Circuit Judges.

### SUMMARY ORDER

Defendant-appellant Vince Leslie Parks ("Parks") was convicted of entering the United States, without the consent of the Attorney General, after deportation following an aggravated felony conviction, in violation of 8 U.S.C. §§ 1326(a) and (b)(2). At sentencing, Parks requested a downward departure based on his cultural assimilation to the United States. Although this Circuit has not addressed the availability of a departure on this ground, the Ninth Circuit has held that a defendant's "cultural assimilation is a fact-specific ground for departure that may speak to an individual defendant's offense, his conduct and his character" and "may be relevant to sentencing under U.S.S.G. § 2L1.2 if a district court finds that a defendant's unusual cultural ties to the United States— rather than ordinary economic incentives—provided the motivation for the defendant's illegal reentry or continued presence in the United States." *United States v. Lipman*, 133 F.3d 726, 731 (9th Cir. 1998). Additionally, Parks requested a downward departure on the ground that his prior convictions overstated the seriousness of his past criminal history under U.S.S.G. § 4A1.3.

At sentencing, the district court denied both downward departures and sentenced Parks to a term of 70 months' imprisonment, to be followed by a three-year term of supervised release, and imposed a $100 special assessment. On appeal, Parks argues that his sentence should be vacated because the record is ambiguous as to whether the sentencing court understood its authority to depart on the grounds asserted.

The district court's refusal to depart downward is usually not reviewable by this Court. *See United States v. Garcia*, 166 F.3d 519, 521 (2d Cir.1999). "The only exceptions are where a violation of law occurred, the Guidelines were misapplied, or the refusal to depart was based on the sentencing court's mistaken conclusion that it lacked the authority to do so." *Id.* The district court is presumed to understand the extent of its sentencing authority, but we have held that "this presumption can be overcome where the record provides a reviewing court with clear evidence of a substantial risk that the judge misapprehended the scope of his departure authority." *United States v. Silleg*, 311 F.3d 557, 561 (2d Cir.2002) (internal quotation marks omitted). "We have found such a risk where the available ground for departure was not obvious and the sentencing judge's remarks made it unclear whether he was aware of his options." *Id.* (internal quotation marks omitted).

The record shows that the district court reasoned in the alternative: It first questioned whether a downward departure for cultural assimilation would be recognized in by this Court. Second, it stated that even assuming it had discretion to depart based on cultural assimilation, it would not exercise its discretion to do so: "[H]ow can I exercise my discretion to find that assimilation in that sense is [something] we should reward[?]" In asking and answering this question, the district court found that, on the facts of this case, a cultural assimilation departure was not warranted in light of Parks's serious criminal background.

In addition, the record shows that the district court recognized it had discretion to depart based on its consideration of Parks's criminal history but found such a departure unwarranted. Judge Berman noted that, "[Parks has] been [involved in] a lot of criminal convictions. And arrests. I don't think that that's appropriate to

exercise my discretion to reward with a downward departure."

We have considered all of Parks's remaining arguments and find them to be without merit. The judgment, therefore, is AFFIRMED.