**UNITED STATES of America,**
**Appellee,**

v.

**Jose M. GUZMAN, Defendant–**
**Appellant.**

**No. 07–2400–cr.**

United States Court of Appeals,
Second Circuit.

Aug. 4, 2008.

Jeremy Gutman (Maria G. Worley, on the brief), New York, NY, for Defendant–Appellant.

Carolyn Pokorny, Assistant United States Attorney (Emily Berger, Assistant United States Attorney, of counsel; Benton J. Campbell, United States Attorney, on the brief), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: Hon. JOSÉ A. CABRANES, Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK and Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Jose M. Guzman appeals from a judgment of the United States District Court for the Eastern District of New York (Raymond J. Dearie, *Chief Judge* ), entered on May 23, 2007, sentencing him on a guilty plea principally to 168 months' imprisonment for one count of conspiracy to distribute and possess with intent to distribute a controlled substance, in violation of 21 U.S.C. § 846, and one count of conspiracy to conduct financial transactions involving the proceeds of narcotics trafficking, in violation of 18 U.S.C. § 1956(h), to run concurrently. Guzman argues that in determining the extent to which to depart from the advisory Guidelines-recommended range of imprisonment, the District Court erred as a matter of law in not considering Guzman's "non–5K cooperation" with authorities and other mitigating factors pursuant to 18 U.S.C. § 3553(a). We assume the parties' familiarity with the balance of the facts and procedural history.

"Although a refusal to downwardly depart is generally not appealable, review is available when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal." *United States v. Valdez,* 426 F.3d 178, 184 (2d Cir.2005). Similarly, a defendant ordinarily has no right to appeal the extent of a downward departure, *see, e.g., United States v. Hargrett,* 156 F.3d 447, 450 (2d Cir.), *cert. denied,* 525 U.S. 1048, 119 S.Ct. 607, 142 L.Ed.2d 547 (1998); *United States v. Doe,* 996 F.2d 606, 607 (2d Cir.1993), except insofar as he contends that the district court made such an error of law. *See United States v. Silleg,* 311 F.3d 557, 561 (2d Cir.2002) (explaining that while "[a] district court's refusal to grant a downward departure generally is not appealable" there is an exception to that rule "for cases in which the sentencing judge mistakenly believes that he or she lacks the authority to grant a given departure" (internal quotation marks and internal citation omitted)).

"[I]n formulating a reasonable sentence a sentencing judge must consider 'the history and characteristics of the defendant' within the meaning of 18 U.S.C. § 3553(a)(1) ... and should take under advisement any related arguments, including the contention that a defendant made efforts to cooperate, even if those efforts did not yield a Government motion for a downward departure pursuant to U.S.S.G. § 5K1.1." *United States v. Fernandez,* 443 F.3d 19, 33 (2d Cir.2006). "[T]he law in this circuit is well established that, in the absence of record evidence suggesting otherwise, we presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors." *United*

*States v. Verkhoglyad,* 516 F.3d 122, 129 (2d Cir.2008) (internal quotation marks omitted).

Here, we have no reason to believe that the District Court misapprehended the scope of its authority to depart or that the sentence was otherwise illegal, and thus we reject Guzman's argument. The record makes clear that the District Court considered the applicable Guidelines range of 262 to 327 months, the presentence report, the severity of the crime, Guzman's incarceration in the Dominican Republic, Guzman's statements and family situation, and submissions by counsel, including the arguments made about Guzman's efforts to cooperate. The District Court then chose a sentence of 168 months, which is 94 months below the bottom of the advisory Guidelines range. The government acknowledged to the District Court that Guzman's efforts at cooperation could be given some consideration and the District Court then properly considered the arguments from both sides as to whether those efforts warranted a downward departure or not and how much of a departure. Moreover, the District Court's statement that, on a human level, Guzman's mistakes should not reap such a devastating sentence and decision to grant him a downward departure support the presumption that the District Court appropriately considered all the sentencing factors and related arguments under § 3553(a).

For these reasons, we AFFIRM the judgment of the District Court.