10-717-cr
United States v. Adebayo

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## AMENDED SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of April, two thousand eleven.

PRESENT:   DENNIS JACOBS,
                          *Chief Judge*,
                GUIDO CALABRESI,
                REENA RAGGI,
                          *Circuit Judges*.

-----------------------------------------------------------------------

UNITED STATES OF AMERICA,

                          *Appellee*,

                    v.                                              No. 10-717-cr

OLUREMI ADEBAYO, a.k.a. SUNDAY ADEGBESAN,

                          *Defendant-Appellant*.

-----------------------------------------------------------------------

FOR APPELLANT:          Marshall A. Mintz, Mintz & Oppenheim LLP, New York, New York.

FOR APPELLEE:           Harry A. Chernoff (Katherine Polk Failla, *on the brief*), Assistant United States Attorneys, of Counsel, *for* Preet Bharara, United States Attorney for the Southern District of New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (William H. Pauley III, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on December 22, 2009, is AFFIRMED.

Defendant Oluremi Adebayo stands convicted on pleas of guilty to conspiratorial and substantive mail fraud, see 18 U.S.C. §§ 371, 1341, and illegal re-entry into the United States, see 8 U.S.C. § 1326(a), (b)(2). On appeal, Adebayo challenges the reasonableness of the prison sentence imposed for these crimes – concurrent terms of 60 months for the mail fraud counts and 97 months for the unlawful re-entry count – on the ground of procedural error, specifically, the district court's failure to recognize its discretion pursuant to 18 U.S.C. § 3553(a) to assign mitigating weight to Adebayo's substantial assistance even in the absence of a government motion under U.S.S.G. § 5K1.1. See United States v. Sanchez, 517 F.3d 651, 661-62 (2d Cir. 2008) (error in determining authority to vary from Guidelines may be procedurally unreasonable). We assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.[1]

In considering Adebayo's argument, we must "presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged his duty to consider the statutory factors enumerated in § 3553(a)." United States v. Malki, 609 F.3d

---

[1] We need not address the question of whether Adebayo's appeal was timely filed, because even assuming that it was, Adebayo would not be entitled to the relief he seeks. See Abimbola v. Ashcroft, 378 F.3d 173, 180 (2d Cir. 2004) (noting that we may exercise hypothetical jurisdiction where jurisdictional question is statutory, not constitutional).

503, 512 (2d Cir. 2010) (internal quotation marks omitted); see United States v. Fernandez, 443 F.3d 19, 33-34 (2d Cir. 2006) (applying presumption even where district court failed explicitly to discuss defendant's argument for sentencing consideration); United States v. Fleming, 397 F.3d 95, 100 (2d Cir. 2005) (holding that district court is "presumed to be aware of departure authority in the absence of record evidence to the contrary or a novel issue unlikely to have been fully appreciated" (citing United States v. Silleg, 311 F.3d 557, 561 (2d Cir. 2002))).

Nothing in the record of this case overcomes this presumption. Indeed, the record indicates that defense counsel specifically urged that Adebayo be given sentencing consideration for his substantial assistance despite the government's decision not to move for a § 5K1.1 departure. Nowhere in the record did the government argue that the district court lacked discretion to afford such consideration. Moreover, in addressing Adebayo's various arguments for mitigation of sentence, the district court never indicated a misunderstanding of its § 3553(a) discretion; to the contrary, the first fact it identified in its § 3553(a) analysis as taking Adebayo's case out of the ordinary was his assistance to the government.

In urging otherwise, Adebayo points to the district court's comment that, "had [Adebayo] not fled" while on bail awaiting sentence, "he most likely or most certainly would have received or been the beneficiary of an application by the government for a downward departure. But, he threw that out the window when he took off for Nigeria." Sentencing Tr. at 15. In context, this comment does not suggest the district court misunderstood its

3

sentencing discretion. Rather, it identified one reason – flight – among others – e.g., persistent recidivism – why the district court declined to exercise its discretion to afford Adebayo more leniency than a sentence at the low end of the Guidelines range. On this record, we identify no procedural error rendering the challenged sentence unreasonable.

We have considered Adebayo's other arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court