*United States v. Moody*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of March, two thousand twenty-four.

**PRESENT:**
> **JOSÉ A. CABRANES,**
> **RICHARD C. WESLEY,**
> **ALISON J. NATHAN,**
> *Circuit Judges.*

_____

**United States of America,**

> *Appellee,*

> v.                                                                                    **No. 21-2607**


**Andrew Moody, AKA J. R.,**

> *Defendant–Appellant.*

_____

**FOR DEFENDANT-APPELLANT:**

ANTHONY L. RICCO (Steven Z. Legon, *on the brief*), New York, NY.

**FOR APPELLEE:**

ROBERT B. SOBELMAN (Stephen J. Ritchin, *on the brief*), Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from judgments of the United States District Court for the Southern District of New York (Berman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** in part and the judgment of the district court in Case 10-cr-1160 is **VACATED** and **REMANDED** for resentencing.

Defendant-Appellant Andrew Moody appeals from judgments entered on October 6, 2021. In 2011, Moody was convicted in Case 10-cr-1160 for possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c), for which he was sentenced to five years' imprisonment and five years of

supervised release. He began his term of supervised release in June of 2015. While still serving his supervised release term, Moody was arrested for operating a drug trafficking organization out of a townhouse in the Bronx, New York. Moody was charged with a five-count indictment in Case 19-cr-112 and for violating his supervised release terms in Case 10-cr-1160. Upon the government's request, Case 10-cr-1160 was reassigned to allow the same district court judge to preside over both cases, because the charges "ar[o]se from the same facts." Case No. 10-cr-1160, Dkt. No. 79.

On October 29, 2019, pursuant to a plea agreement containing an appeal waiver, Moody pled guilty in Case 19-cr-112 to one count of participating in a conspiracy to distribute (1) 280 grams and more of cocaine base, (2) heroin, and (3) marijuana, in violation of 21 U.S.C. §§ 841(b)(1)(A), (C), and 846. For the same conduct, Moody also pled guilty, in Case 10-cr-1160, to violating his previously imposed terms of supervised release. The district court accepted Moody's guilty pleas in both cases during the same hearing on November 12, 2019.

On October 6, 2021, Moody was sentenced by the district court in both cases during the same hearing. Moody was sentenced in Case 19-cr-112 to 180 months'

imprisonment for participating in a narcotics conspiracy and in Case 10-cr-1160 to 50 months' imprisonment for violating his supervised release terms, to run consecutively. The district court also imposed five-year terms of supervised release in both cases, to run concurrently. The transcript of the joint sentencing hearing was entered in the docket only in Case 19-cr-112, although a minute entry was made in both dockets. Moody filed a timely notice of appeal from the judgment entered in Case 19-cr-112. That judgment referenced the sentence imposed in Case 10-cr-1160.

On appeal, Moody argues that the district court's combined 230-month sentence is substantively unreasonable. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision.

## I. Narcotics Conspiracy (19-cr-112)

We conclude that Moody's challenge against the 180-month sentence imposed in Case 19-cr-112 for participating in a narcotics conspiracy is barred by his appeal waiver. Through his appeal waiver, Moody waived his right to "file a direct appeal . . . of any sentence within or below the Stipulated Guidelines Range

of 360 months' to life imprisonment" for his narcotics conspiracy conviction. App'x at 28. "Waivers of the right to appeal a sentence are presumptively enforceable," *United States v. Arevalo*, 628 F.3d 93, 98 (2d Cir. 2010), and Moody's appeal waiver is not unenforceable merely because he thinks the 180-month sentence "is so far beyond" the 120-month statutory minimum that he hoped to receive. *See* Decl. in Opp. to Mot. to Dismiss at 5. No recognized exception to the enforceability of an appeal waiver applies here. *See Arevalo*, 628 F.3d at 98.

Accordingly, the appeal waiver bars us from considering Moody's challenge to his narcotics conspiracy sentence.

## II.     Supervised Release Violation (10-cr-1160)

Moody also challenges the 50-month sentence imposed by the district court for violating his supervised release terms in Case 10-cr-1160.

As a threshold matter, the government argues that we lack jurisdiction to review this challenge because Moody did not file a notice of appeal from the judgment in Case 10-cr-1160, which imposed the sentence of 50 months for violating his terms of supervised release. We disagree and conclude that Moody's notice of appeal is sufficient to appeal his sentence for the supervised release

5

violation.

Federal Rule of Appellate Procedure 3(c) provides that "[t]he notice of appeal must . . . designate the judgment—or the appealable order—from which the appeal is taken."  Fed. R. App. P. 3(c)(1)(B).  While Rule 3 imposes a jurisdictional requirement, "it is well settled that courts should apply a liberal interpretation to that requirement."  *Elliott v. City of Hartford*, 823 F.3d 170, 172 (2d Cir. 2016) (quotation marks omitted).  Therefore, we "take the parties' intentions into account when construing a notice of appeal and will find jurisdiction when the intent to appeal from a decision is clear on the face of, or can be inferred from, the notice of appeal."  *United States v. White*, 7 F.4th 90, 97 n.29 (2d Cir. 2021) (cleaned up).

Under the circumstances here, we conclude that it "can be inferred from" Moody's notice of appeal that he intended to appeal both his sentence for his supervised release violation in Case 10-cr-1160 as well as his sentence in Case 19-cr-112.  *See id.*  As the government has acknowledged, both sentences arose from the same set of facts.  The cases were both assigned to Judge Berman so that he could preside over both charges.  Moody's pleas in both cases were accepted

6

during the same hearing, and Moody was sentenced in both cases during the same hearing. Although Moody's notice of appeal references only the judgment entered in Case 19-cr-112, that judgment expressly referenced the 50-month term of imprisonment and 5-year term of supervised release imposed in Case 10-cr-1160. The notice of appeal also provided that he was appealing a judgment entered on October 6, 2021, which could refer to either case as both judgments were entered that day. Moreover, the government does not allege any prejudice caused by the technical mistake in the notice of appeal. *See Man Ferrostaal, Inc. v. M/V Akili*, 704 F.3d 77, 82 n.4 (2d Cir. 2012). We therefore conclude that we have appellate jurisdiction over Moody's challenge of his sentence for violating supervised release.[1]

However, we reject the merits of Moody's argument that his sentence is substantively unreasonable. Contrary to Moody's contentions, the sentencing court expressly considered the relevant mitigating factors by acknowledging Moody's difficult upbringing, the letters of support from his family and friends,

---

[1] The Seventh Circuit has reached the same conclusion in a case involving similar facts. *United States v. Taylor*, 628 F.3d 420, 422–24 (7th Cir. 2010).

his disciplinary record during incarceration, and his participation in educational classes during his incarceration. Moody's disagreement with the district court's weighing of these factors does not render his sentence substantively unreasonable. *See United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012).[2]

We do, however, agree with the government that the district court committed plain error by reimposing a five-year term of supervised release because it exceeds the statutory maximum. *See United States v. Cadet*, 664 F.3d 27, 33 (2d Cir. 2011) ("[A] sentence that exceeds the statutory maximum qualifies as plain error."). The district court's imposition of a new term of supervised release following revocation is governed by 18 U.S.C. § 3583(h), which provides that the new term "shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any

---

[2] In his reply brief, Moody also argues that the district court's failure to impose concurrent sentences was substantively unreasonable. Because this argument was not raised in Moody's opening brief, it is waived. *See United States v. Yousef*, 327 F.3d 56, 115–16 (2d Cir. 2003). But even if not waived, the argument lacks merit. While consecutive terms are not statutorily mandated, nothing in the record suggests that the sentencing judge misunderstood his discretion to impose the sentences concurrently, rather than consecutively. In the absence of record evidence suggesting otherwise, we "presume that the district court understands the extent of its sentencing authority." *United States v. Silleg*, 311 F.3d 557, 561 (2d Cir. 2002).

8

term of imprisonment that was imposed upon revocation of supervised release."

18 U.S.C. § 3583(h).

Here, the maximum term of supervised release authorized for possession of a firearm in furtherance of drug trafficking—the underlying offense that resulted in Moody's original supervised release—was five years, or 60 months. *See* 18 U.S.C. §§ 924(c)(1)(A)(i), 3559(a)(1), 3583(b)(1). Upon revocation of supervised release, the district court imposed a 50-month term of imprisonment, meaning that it could impose a new term of supervised release no longer than 10 months. The 60-month term of supervised release imposed by the district court is therefore 50 months above the statutory maximum.

Accordingly, we remand for resentencing for Moody's supervised release violation. We do so consistent with the government's request that this Court remand for limited resentencing of the new term of supervised release, as Moody makes no request for *de novo* resentencing. *See United States v. Malki*, 718 F.3d 178, 182 (2d Cir. 2013) ("When we overturn a sentence without vacating one or more underlying convictions and remand for resentencing, the default rule is that the remand is for limited, and not *de novo*, resentencing." (quotation marks omitted)).

9

\*       \*       \*

Accordingly, we **GRANT** in part the government's motion to dismiss the appeal as to Moody's challenge to his sentence imposed in Case 19-cr-1160. We **VACATE** and **REMAND** for resentencing as to the new term of supervised release imposed in Case 10-cr-1160.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

10